STATION REALTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT, v. ENGLEWOOD LAUNDRY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Submitted October 11, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Seufert & Elmore.*

For the appellee, *Greenberg & Greenberg.*

PER CURIAM.

The claim was for expenses incurred and paid in removing a certain boiler and connecting pipes from a building belonging to the plaintiff and which had been rented to the defendant and the lease surrendered. The case is briefed for appellant as though the question is, whether the boiler and pipes are fixtures and part of the real estate, but under the terms of the contract between the parties, this seems immaterial.

The story of the case is as follows: The plaintiff owned and had run a laundry in the building and had installed the boiler and pipes as part of the laundry plan. Then it rented the building equipped as a laundry to the defendant and sold to defendant the machinery, boiler and fixtures, giving a bill of sale for the same and taking a chattel mortgage thereon.

Later the defendant desired to surrender the lease and leave the premises available for a new lease to a corporation called the Bergen Ledger Publishing Company, which was not a laundry company but a printing office. Accordingly, the plaintiff and the defendant entered into an agreement of "escrow," the delivery of the documents mentioned therein being contingent on the publishing company taking the lease and moving in. The papers held in escrow were, defendant's check for $550 and a release of the lease and of all obligations thereunder from the plaintiff to the defendant. Apparently the condition was fulfilled and the papers were delivered. Now, this agreement provides as follows: "It being further understood that when said Englewood Laundry, Incorporated, does move from the said premises *the removal of all the fixtures, machinery and fittings appurtenant to their business* shall be under the supervision of the Station Realty Company and shall be *removed* at the cost of the Englewood Laundry, Incorporated."

The defendant did remove all the fixtures except the boiler and pipes and explained that they were attached so firmly to the building that in order to remove them it would have been necessary to tear a large hole in the wall and do a lot of damage. However, the plaintiff, deeming that the defendant was under obligation to do this very thing and finding it had not been done, removed the boiler and pipes itself without any prior notice or demand, and then sued the defendant for the cost, and recovered judgment therefor.

No point is made of the want of notice or of demand. The sole argument for the appellant is that the boiler and pipes are "fixtures" and could not be removed without substantial damage to the real estate. But that fact does not seem to exonerate the defendant. The contract calls for the removal of all the fixtures, machinery and fittings appurtenant to their business. The appellant says that the boiler is a fixture. No doubt it is, and that is just what the contract said was to be removed. The paper is drawn as a legal document and its language seems to be entirely clear.

This is the only point made on this appeal. The judgment will be affirmed.